Filed 1/21/14  In re Mason A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH  APPELLATE  DISTRICT

DIVISION  ONE

STATE  OF CALIFORNIA

| | |
|---|---|
| In re MASON  A., a Person Coming Under the Juvenile Court Law. | D064472 |
| SAN  DIEGO  COUNTY  HEALTH  AND HUMAN  SERVICES  AGENCY, | (Super. Ct. No. EJ2242B) |
| Plaintiff and Respondent, | |
| v. | |
| N.A., | |
| Defendant  and Appellant. | |

APPEAL  from orders of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Marisa L. D. Conroy, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Erica R. Cortez, Deputy County Counsel, for Plaintiff and Respondent.

N.A. appeals juvenile court dispositional and jurisdictional orders concerning his son, Mason A. He contends the court erred by ruling Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901) notice was not required because ICWA does not apply in this case. We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2013, the San Diego County Health and Human Services Agency (the Agency) petitioned under Welfare and Institutions Code section 300, subdivision (b)[1] on behalf of infant Mason, alleging he was at substantial risk because his mother, Audrey H., used drugs, N.A. had a history of drug use and both parents had engaged in domestic violence.

When questioned about whether she had American Indian heritage, Audrey said her paternal grandmother was a Yaqui Indian from Sonora, Mexico. N.A. denied Indian heritage. At the detention hearing, each parent filled out a parental notification of Indian status form. Audrey wrote that she may have had Yaqui Indian heritage. She told the court her paternal grandmother may have Yaqui ancestry, but her grandmother had died and she did not know to which band her grandmother may have belonged. The court directed her to fill out the longer ICWA form.

The social worker reported Audrey said her father, Luis H., has some Yaqui Indian heritage, but she had not spoken with him and did not have sufficient information to fill out the form. When the social worker telephoned Luis, he said his mother was born in

---

1    Statutory references are to the Welfare and Institutions Code unless otherwise specified.

Sonora, Mexico, and his mother's father was Yaqui. He said he did not know if any family member was registered with a tribe, but reported no family member practiced any tribal customs.

At the jurisdictional/dispositional hearing on June 26, the court asked Audrey whether her possible Yaqui ancestry was from Mexico or from the United States. Audrey responded the ancestry was from the Mexican Yaqui Tribe and her paternal grandmother was from Mexico. The court deferred ICWA findings.

At the contested jurisdictional/dispositional hearing on July 30, Audrey again indicated her only potential Indian heritage was from the Yaqui Tribe in Mexico. County Counsel said as a precautionary measure the Agency would provide ICWA notice to the Yaqui Tribe in the United States and, on August 1, it sent notice to the Pascua Yaqui Tribe in Arizona. The court, however, found ICWA notice was not required because there was no reason to believe Mason is an Indian child in that Audrey had indicated her only potential Indian heritage is through the Mexican Yaqui Tribe, and the Mexican Yaqui Tribe is not a federally recognized tribe governed by ICWA.

At a further hearing on August 9, the court found the allegations of the petition to be true, declared Mason a dependent child of the juvenile court and ordered him placed in foster care.

## DISCUSSION

N.A. contends the court erred by ruling ICWA notice was not required and ICWA did not apply.

3

*Legal Authority*

When a court knows or has reason to know that an Indian child is involved in a juvenile dependency proceeding, a duty arises under ICWA to provide notice to the Indian child's tribe of the pending proceedings and the tribe's right to intervene. (25 U.S.C. § 1912(a); § 224.3, subds. (a) & (d).) "Alternatively, if there is insufficient reason to believe a child is an Indian child, notice need not be given." (*In re Shane G.* (2008) 166 Cal.App.4th 1532, 1538.) Notice requirements are meant to ensure that the child's Indian tribe will have the opportunity to intervene and assert its rights in the proceedings. (*In re Kahlen W.* (1991) 233 Cal.App.3d 1414, 1421.)

An Indian child is defined as any unmarried person under age 18 and either (a) a member of an Indian tribe, or (b) eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4).) The Indian tribe in question must be recognized by and eligible to receive funding from the United States Bureau of Indian Affairs. (*In re John V.* (1992) 5 Cal.App.4th 1201, 1217; *In re B.R.* (2009) 176 Cal.App.4th 773, 781.) The federal register lists recognized Indian tribal entities eligible to receive such services. (53 Fed.Reg. 52829 (Dec. 29, 1988).)

*Application*

The information Audrey supplied, that she may have possible Indian heritage through the Mexican Yaqui Tribe, did not trigger a duty of notice under ICWA. When the court asked Audrey if her possible Indian heritage could be only through the Mexican Yaqui Tribe, she agreed it was the Mexican Yaqui Tribe, not the Yaqui Tribe in the United States. Audrey's father said his mother was born in Sonora, Mexico, and she was

4

half Yaqui.  The Yaqui Tribe in Sonora, Mexico is not listed in the federal registry because it is not a recognized American Indian tribal entity.  (53 Fed.Reg. 52829 (Dec. 29, 1988).)  The fact that the Agency, out of an abundance of caution, decided to provide notice to the Pascua Yaqui Tribe in Arizona does not show that notice was required.

The Agency and the court conducted proper inquiry and no information was supplied to indicate that Mason is a member or eligible for membership in a federally recognized American Indian tribe.  N.A. has not shown error by the court finding ICWA notice was not required in this case because ICWA does not apply.

## DISPOSITION

The orders are affirmed.

NARES,  Acting P. J.

WE CONCUR:

McDONALD,  J.

AARON,  J.

5